MaddeN, Judge,
delivered the opinion of the court :
This is a suit by a customs inspector who was, during the war period from January 1, 1942 through July 4, 1945 required to work on days which he asserts were holidays within the meaning of a Federal statute which grants to customs inspectors extra compensation for work on holidays. The statute is section 5 of the act of February 13,1911 (36 Stat. 901) as amended in 1920 (41 Stat. 402), 19 U. S. C. 267. This statute was interpreted and applied by this court in Myers v. United States, 99 C. Cls. 158, 101 C. Cls. 859, and this court’s decision was reviewed and modified in United States v. Myers, 320 U. S. 561, 321 U. S. 750.
The statute granting extra compensation for work on holidays does not name the days to which it was intended to apply, nor give any definition or standard by which they are to be ascertained. The plaintiff urges that Congress meant that certain days named in other Federal statutes as holidays for purposes specified therein should be holidays for the purposes of the act of 1911. Section 86 of Title 5, United States Code, consisting of Joint Resolution No. 5 of January 6, 1885, 23 Stat. 516, and Joint Resolution No. 6 of February 23, 1887, 24 Stat. 644, as modified by the Joint Resolution of June 29,1938, 52 Stat. 1246, provides:
The employees of the Navy Yard, Government Printing Office, Bureau of Printing and Engraving, and all other per diem employees of the Government on duty at Washington, or elsewhere in the United States, shall be allowed the following holidays, to wit: The 1st day of January, the 22nd day of February, the day of each year which is celebrated as “Memorial” or “Decoration Day,” the 4th day of July, the 25th day of December, and such days as may be designated by the President as days for national thanksgiving. (Jan. 6, 1885, No. 5, 23 Stat-516; Feb. 23,1887, No. 6, 24 Stat. 644.)
This legislation has not, of course, any direct application to the plaintiff, who is paid on a per annum basis, since it is limited to per diem employees.
The act of May 13, 1938, 52 Stat. 351, 5 U. S. C. 87a, makes November 11, Armistice Day, a legal public holiday
*25 to all intents and purposes and in the same manner as the 1st day of January, the 22nd day of February, the 30th day of May, the 4th day of July, the first Monday of September and Christmas Day are now made by law public holidays.

From the fact that there are no Federal legal holidays for all purposes or for Government employees generally, each side of this controversy can draw a helpful inference. The plaintiff can urge that when Congress, in the act of 1911, used the word “holiday” without definition, it must have meant that its definition should be ascertained by looking elsewhere in the statutes. The Government, on the other hand, can urge that the failure of Congress to define holidays, either in the act or by reference to other legislation, creates an *26 inference that Congress meant days that are Federal holidays in fact, i. e., days when Federal employees otherwise comparable to the customs employees were excused from work without losing any part of their annual compensation.
We think that the inference drawn by the Government is the stronger one. The situation that gave rise to the act of February 13,1911, was that, because of the desire of the Government to accommodate travelers and shippers, and not keep them waiting at a port of entry for the opening of customs offices closed at night and on Sundays and holidays, as most other Government offices are, these offices were kept open, and customs inspectors were assigned to work at night and on Sundays and holidays. They were thereby treated worse than other Federal officers and employees, and they complained bitterly and urged that they should receive extra compensation for the hardship Avhich was their lot because they happened to be employed in a customs office. Congress agreed with them, and made a most generous provision for their compensation, under which they receive, in addition to their regular salary, two additional days’ pay for each Sunday and holiday that they work, even though it is within, their regular weekly tour of duty. We have no doubt that-Congress intended this provision as a compensation for the hardship of working on days when their fellow Government employees were having the day off. We also have no doubt, that if Congress had been specifically faced with the question of whether the extra pay should be given on a day which, though named in a Federal statute as a holiday for certain other employees, was a day on which Government employees generally, and particularly those who like the plaintiff were paid an annual salary, were working without extra compensation, Congress would have seen no reason to discriminate in favor of customs employees by giving them two days’ extra pay for doing just what their fellow Government employees were doing without any extra pay. We think, therefore, that Congress intended, in the act of 1911, to cure the evil that was presented to it, and to award extra compensation to customs inspectors for work on days that were holidays in fact, days on which their fellow Government employees were not required to work.
If the plaintiff’s argument were based upon a literal reading of the statute, we might feel obliged to follow it, though. *27 we were satisfied that Congress would not, if it had thought of the specific problem here in litigation, have so written the statute. But here the words of the statute do not, even literally and without having regard for the evil to be cured by the statute, answer our question which is, what did Congress mean by the word “holiday” when it wrote it into the statute. And, even without regard to the evil to be cured, the meaning “holiday in fact,” a day on which employees otherwise like those covered by the statute are excused from work without losing pay, is a rational and natural meaning. Having regard to the evil to be cured by the statute, it seems to us to be the true meaning. If the plaintiff’s construction is adopted, it would follow that a customs inspector who was required to work on a Monday following Christmas, for example, which Monday had been declared by the Executive to be a Government holiday, would not be entitled to the benefits of the act of 1911. We think this would be Avrong, and would contradict the purpose of the statute.
The plaintiff points out that Customs Kegulations promulgated August 23,1937, Article 1243; 2 Federal Register 1444, define “holiday” as including only national holidays, naming the seven then named in the various federal statutes “and such other days as may be made national holidays.” . And in Customs Regulations of 1943, footnote 5 to section 24.16, eight “national holidays” are named. We think that these regulations were, so far as relevant here, merely instructions to district offices and employees as to what the normal and general practice with regard to holidays would be, and did not prevent the department from following the practice of the rest of the Government with regard to the nonobservance of holidays which had been obseiwed before the war.
The plaintiff’s petition will be dismissed.
It is so ordered.
Jones, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.